UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THEODORE A. LITTLE, | ) | CASE NO. 1:10 CV 946 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| OFFICER YEASKY, *et al.*, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Theodore A. Little filed the above-captioned *Bivens*[1] action against Elkton Federal Correctional Institution ("FCI Elkton") Corrections Officer Yeasky and Eddison. In the Complaint, Plaintiff asserts claims of retaliation in violation of the First Amendment. He seeks unspecified damages.

**Background**

Mr. Little claims he purchased a t-shirt from Officer Yeasky at the FCI Elkton commissary on January 5, 2010. He indicates that prior to leaving the commissary area, he discovered that the shirt was the wrong size. He went back to Officer Yeasky and asked to

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).

exchange it for another size. Officer Yeasky refused his request. Mr. Little went to another window and asked Officer Eddison to do the exchange. He was told to go back to Officer Yeasky. Mr. Little left the commissary and filed a grievance against Officer Yeasky.

Mr. Little spoke with the officer supervising the commissary on January 8, 2010 and explained the problem. He was told the officer would speak with the Defendants and assured Mr. Little he could exchange the shirt. Mr. Little returned to the commissary on January 14, 2010 to attempt the exchange. He claims Officer Eddison ordered him to sign a receipt to authorize a purchase of tank tops. He refused to sign the slip saying he had not ordered tank tops and would not authorize the withdrawal of funds from his account. He alleges that Officer Eddison became angry and told him if he did not sign the slip he would be sent to the segregation unit. Mr. Little acquiesced to the demand in order to avoid the conduct report. He told the officer he would report the incident to the supervising officer. He claims Officer Eddison told him he should not return to the commissary unless he was accompanied by an Assistant Warden. He asserts Officer Eddison retaliated against him for filing grievances and speaking with the commissary supervisor.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*,

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris* (continued...)

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, the claims against Officer Yeasky are dismissed pursuant to §1915(e).

Mr. Little has not stated a cause of action stated against Officer Yeasky. He asserts that Officer Eddison retaliated against him for filing grievances. No claims are specifically asserted against Officer Yeasky. To the extent Mr. Little also intended to assert a retaliation claim against Officer Yeasky, it must be dismissed. To state a prima facie case for retaliation, plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). An inmate has a First Amendment right to file grievances against prison officials. *See Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). To state a constitutional claim, however, Mr. Little must not only show he exercised this First Amendment right, but also must demonstrate that adverse actions were taken against him which were motivated, at least in part by the grievances he filed. *Thaddeus-X*, 175 F.3d at 394. In this case, he claims Officer Yeasky would not let him exchange a shirt for a different size. He filed the grievance after the incident occurred. The grievance therefore could not have motivated Officer Yeasky's actions. There are no other allegations against this defendant.

To the extent that Mr. Little intended to assert some other claim, it must be dismissed. Principles requiring generous construction of *pro se* pleadings are not without limits.

---

(...continued)
*v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Mr. Little's failure to identify a particular legal theory in his complaint places an unfair burden on Officer Yeasky to speculate on the potential claims that may be raised against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state cause of action upon which Mr. Little intends to base his § 1983 action.

## Conclusion

Accordingly, the claims against Officer Yeasky are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3] This action shall proceed solely on Mr. Little's retaliation claim against Officer Eddison. The Clerk's Office is directed to forward the

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendant.

      IT IS SO ORDERED.

                                  */s/Dan Aaron Polster 8/2/10*
                                  DAN AARON POLSTER
                                  UNITED STATES DISTRICT JUDGE